75 So.2d 762 (1954)
PADRICK CHEVROLET COMPANY and Corporate Group Service, Inc., Petitioners,
v.
Riley E. CROSBY and The Florida Industrial Commission, Respondents.
Supreme Court of Florida. Division A.
October 19, 1954.
As Amended on Rehearing November 6, 1954.
*763 Raymond E. Barnes, W.J. Steed, Roger A. Barker, Orlando, for petitioners.
Frank & Lewis, Royce R. Lewis, Irvin Frank, Jr., Fort Pierce, Rodney Durrance, Tallahassee, for respondents.
SEBRING, Justice.
This is a certiorari proceeding to review an order of the Florida Industrial Commission affirming a compensation award of the deputy commissioner.
The facts of the case are simple. Riley E. Crosby was employed by Padrick Chevrolet Company. While installing a motor in a truck he slipped and fell against the truck and struck himself in the right inguinal region. The blow aggravated a preexisting hernia which Crosby had had for several years. Prior to the accident the disability, which was known to the employer, had not interfered with Crosby's duty as a mechanic, except that at his request the employer had not required the employee to do any work requiring heavy lifting.
Immediately after his fall, Crosby experienced pain in the right inguinal region which caused him to cease work for a temporary period. After resting in bed for two days Crosby returned to the job and continued working for approximately six months. On September 11, 1953, he had to call a doctor on account of his herniated condition. Two days later he submitted to a hernia operation. The deputy commissioner concluded that the operation in question would not have been necessary had it not been for the occurrence of the injury. Based upon this conclusion the deputy commissioner ruled that Crosby's claim was one for an aggravation of a preexisting herniated condition and that the claimant was entitled to medical benefits and compensation for a period of six weeks.
The primary question for consideration is whether or not the aggravation of the preexisting hernia by an accident arising out of and in the course of employment entitled the injured employee to compensation as well as medical benefits including an operation.
The statute under which the claimant was allowed recovery provides that "Where a preexisting disease is accelerated or aggravated by an accident arising out of and in the course of the employment, only * * * the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable." Section 440.02(19), Florida Statutes 1951, F.S.A.
The employer contends that the employee is not entitled to recover under this statute for the reason that hernia claims are compensable only under section 440.15(6), Florida Statutes 1951, F.S.A.; that under this section a claim for hernia from injury is allowable only upon definite proof "that the hernia did not exist prior to the accident for which compensation is claimed;" and that inasmuch as the claimant in the present case had a herniated condition prior to the accident which formed the basis for his claim, a ruling in his favor cannot be sustained.
It must be conceded that decisions can be found to the effect that aggravation of *764 hernia is not compensable when awards under special provisions regarding accidental hernia are conditioned on absence of any such a preexisting condition. Jordan v. State Compensation Commissioner, 120 W. Va. 142, 197 S.E. 20; Matthews v. Hardaway Contracting Co., 179 Tenn. 98, 163 S.W.2d 59. The Industrial Commission has rejected these decisions and has accepted as the basis for the allowance of such a claim decisions to the effect that compensation may be granted for accidental aggravation of a preexisting hernia  that such a claim is distinguishable from one for hernia resulting from injury by accident, and therefore not contemplated by a statute containing provisions identical with the Florida provisions governing recovery for initial hernia. See Boswell v. Liberty Mutual Insurance Co., 77 Ga. App. 556, 49 S.E.2d 117. Accord Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647.
According to the record the employer employed Crosby with full knowledge of his condition. The order of the deputy found that "the record sustains the conclusion that the operation in question would not have been necessary in the absence of the claimant's injury." This finding, we think, should resolve any question that might arise as to the propriety of awarding medical expenses for surgery in a case where the preexisting condition was such that an operative treatment was already needed and the accidental aggravation merely precipitated an immediate necessity. Compare Boswell v. Liberty Mutual Insurance Co., supra. Certainly, in a case where there has been no concealment of a preexisting hernia, it cannot be said that a claim based upon an aggravation of the condition could come within the evident intendment of the hernia statute, section 440.15(6), supra, insofar as the statute attempts to prevent fraudulent claims for disability attributable in fact to a preexisting herniated condition. It should be noted that section 440.15(6), supra, does not, in terms, preclude a person who suffers from a herniated condition from recovering compensation when that condition is aggravated by a subsequent accident. All that the statute does is prevent an employee with a preexisting hernia from claiming, in event of accident, full compensation as for a "hernia resulting from injury by an accident," and leaves such employee to his remedy under section 440.02(19), Florida Statutes 1951, F.S.A., which excludes any recovery for disability attributable in fact to the preexisting condition and limits recovery solely to injury from the aggravation. Cleary Bros. Const. Co. v. Nobles, 156 Fla. 408, 23 So.2d 525; Davis v. Artley Construction Company, 154 Fla. 481, 18 So.2d 255; City of Lakeland v. Burton, 147 Fla. 412, 2 So.2d 731; Orr, Jr., Inc., v. Florida Industrial Commission, 129 Fla. 369, 176 So. 172; Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342; Allen v. Maxwell Company, Inc., 152 Fla. 340, 11 So.2d 572; Borden's Dairy v. Zanders, Fla., 42 So.2d 539. We conclude, therefore, that the right of the employee to some amount of compensation benefits must be sustained.
A final point for consideration is with respect to the compensation awarded. In the order brought here for review, there appears to be error, inadvertent or otherwise, in the ruling of the deputy commissioner respecting the amount allowable for the injury sustained. As we understand the record, the deputy allowed the claimant to recover as for an aggravation of a preexisting condition, pursuant to the provisions of section 440.02(19), Florida Statutes 1951, F.S.A., but based the amount of recovery upon the provisions of section 440.15(6), Florida Statutes 1951, F.S.A., which deals specifically with hernia claims resulting initially from injury by accident. In this he committed error. Consequently the order should be quashed and the cause remanded for a computation of compensation allowable, under the terms of section 440.02(19), Florida Statutes 1951, F.S.A., because claimant's rights must be determined solely by this provision.
The order fixing and allowing such compensation should also fix and allow reasonable *765 attoreys' fees to the claimant's attorneys for services heretofore and hereafter rendered to claimant before the deputy commissioner and the full commission.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATTHEWS, JJ., concur.