PER CURIAM.
This case is before us on petition for writ of certiorari to review an order of the Florida Industrial Commission in a workmen’s compensation proceeding.
Although we agree with the full commission’s determination that the deputy commissioner did not have before him sufficient evidence upon which to base his finding of 60% diminution of wage earning capacity, we must disagree, however, with the commission in directing the deputy commissioner upon remand “to appoint a disinterested orthopedist to examine the claimant and submit a report with respect to claimant’s orthopedic disability to the right hand, leg or to the body as a whole.” It is our view that this cause should be returned to the deputy commissioner with directions to take such additional testimony as he may think advisable in order that he might be in a position to make a specific finding with reference to the percentage of diminution of wage earning capacity and that said deputy commissioner should not be limited to receiving the testimony of another orthopedist. The deputy should, of course, make *644 findings in this case in accordance with this court’s directions in Hardy v. City of Tarpon Springs, Fla., 81 So.2d S03.
Upon close scrutiny of the full commission’s order we have determined that this matter is not ripe for our determination upon the merits. An order of the full commission may not be reviewed by this court unless it is final in character. Consequently, the petition herein is denied for the reason that the order of the full commission is not final.
It is so ordered.
ROBERTS, C. J., HOBSON, DREW and O’CONNELL, JJ., and S.COTT, Circuit Judge, concur.