142 So.2d 279 (1962)
Steve PATRYLO, Petitioner,
v.
NAUTILUS HOTEL and Florida Industrial Commission, Respondents.
No. 31559.
Supreme Court of Florida.
June 13, 1962.
*280 Ira J. Druckman, Miami, for petitioner.
Blackwell, Walker & Gray, Miami, Burnis T. Coleman and Patrick H. Mears, Tallahassee, for respondents.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review an order of the Florida Industrial Commission quashing an order of a deputy commissioner who had awarded compensation benefits to the petitioner Patrylo.
We must consider the question of the reviewability of the subject order as well as its ultimate correctness.
The petitioner Patrylo sustained a double inguinal hernia as the result of an industrial accident which occurred September 15, 1959. Surgical repair was performed on October 16, 1959. A month later, the left hernia collapsed, necessitating a second repair on December 7th, 1959. The second operation was unsuccessful, apparently because the claimant was pulled from the operating table while one arm was still secured to it. While awaiting a third operation, claimant was paid temporary partial disability benefits. Finally, on November 28th, 1960, a third operation was performed for the recurrent left hernia. Despite extreme medical caution and the apparent skill of the surgeon, the third operation was unsuccessful due to the "paper thin tissue in the area of the surgery."
After hearing the evidence, the deputy commissioner concluded that the claimant was suffering from a permanent disability which would not be benefited by further surgical attempts. This was the testimony of the operating surgeon. The deputy commissioner announced his judgment by a finding where he stated that "the existing disability results from the hernia surrounded by the surgically weakened tissue." Compensation was awarded on the basis of a twenty per cent permanent partial disability of the body as a whole. Section 440.15(3) (u), Florida Statutes, F.S.A.
Upon review, the full commission concluded that the findings of the deputy were insufficient to enable the commission to review the record for competent evidentiary support. The full commission entered an order quashing the order of the deputy and remanding the matter to the deputy for further consideration. The order of the full commission now under review concluded:
"Having considered the cause upon the record, briefs and oral argument of counsel for the parties, and it appearing that the findings of fact of the deputy commissioner are inadequate and that said cause should be remanded to the deputy commissioner for adequate findings of fact on authority of Hardy v. City of Tarpon Springs, Fla. 1944, 81 So.2d 503, it is
"ORDERED that said Order of the deputy commissioner dated May 23, 1961, be and the same is hereby vacated and set aside and said cause be and the same is hereby remanded to the deputy commissioner for entry of a *281 new Compensation Order not inconsistent with the views hereinabove expressed, with authority to conduct further hearings if, in the deputy's discretion, he deems necessary."
The petitioner here contends that the findings of the deputy were adequate and that his judgment was supported by competent substantial evidence. The respondent, of course, contends for the contrary.
We must initially decide whether the order of the full commission is clothed with sufficient finality to support review by this court. In Wilson v. McCoy Mfg. Co., 69 So.2d 659, we discussed at length the scope of review which will be exercised by us when presented with a petition for certiorari to review orders of the Florida Industrial Commission pursuant to Section 440.27, Florida Statutes, F.S.A. We announced the position that in view of the type of jurisdiction exercised by the Industrial Commission, we would exercise powers of review somewhat broader than those inherent in common law certiorari, but somewhat less extensive than the power asserted in reviewing a record on appeal.
We have consistently taken note of the social and economic policies which motivated the enactment of workmen's compensation laws. Because of the fact that the claimants are salaried employees, who are most often dependent entirely upon the continuity of their regular wages, it is of considerable importance that workmen's compensation claims be considered and disposed of expeditiously and as completely as possible without extensive delays. It is for this reason, among others, that we have adopted the position that an order of the Industrial Commission which concludes one or more of the elements of a case, essential to ultimate final disposition, will support review by certiorari under Section 440.27, Florida Statutes, F.S.A., even though such an order in a different procedural posture would be considered interlocutory in nature and hence of insufficient finality to support review here. Sanz v. Eden Roc Hotel et al., 1962, Fla., 140 So.2d 104, and Reed v. Whitmore Electric Co., 1962, Fla., 141 So.2d 569. Admittedly certain types of orders which dispose of merely incidental aspects of a workmen's compensation case would not justify the exercise of our powers of review prior to final disposition at the trial level. However, we consider it to be more nearly consistent with the objectives of the workmen's compensation law, as well as with the expeditious settlement of compensation claims, to exercise the power of review in any situation where the order of the Industrial Commission if left standing would conclude an essential element of the ultimate final disposition of the matter.
We have many times held that adequate findings of fact by the deputy commissioner must be included in his initial compensation order. This is a statutory duty of the commissioner. Unless the statute is complied with there is no foundation in the order sufficient to enable the full commission, and ultimately this court, to determine the presence or absence of competent substantial evidence to support the deputy's conclusion. Section 440.25(3) (c), Florida Statutes, F.S.A.; Hardy v. City of Tarpon Springs, Fla., 81 So.2d 503. In the last cited case, we discussed at some length the importance of these findings of fact as well as the sufficiency thereof to meet the requirements of the statute. We have consistently held that the adequacy of the deputy's findings is a subject for judicial review. To that extent, although these findings announce factual conclusions, the question of the adequacy or sufficiency of the findings to comport with the statutory requirement, as interpreted by this court, presents an issue of law subject to review here. Consequently, when the full commission passes upon the adequacy of a deputy's findings, such action if allowed to stand would be dispositive of an essential element in the proceeding and therefore subject to review by this court.
Inasmuch as we have many times held that findings of a deputy in particular *282 cases were inadequate to support a review by the full commission, we see no reason for declining to apply the rule in converse. Consequently, when the full commission expressly holds the findings of a deputy to be inadequate to meet the statutory requirements as construed by prior decisions, then such action by the full commission is in and of itself also subject to review. If the rule were otherwise, the Industrial Commission could merely repeat its order requiring additional findings with the result that the final decision on a compensation claim could be extended interminably. We hasten to interpolate that we have no suspicion that such arbitrary procedures would be followed by the respondent commission. The fact remains, however, that the possibility of such occurring demonstrates the justification for the position which we here take. For example, in the instant case, if we should conclude that the deputy's findings meet the standards announced in Hardy v. City of Tarpon Springs, supra, then we would be justified in quashing the order of the Industrial Commission and remanding the matter to that agency for immediate determination on the merits. We have, however, reviewed the deputy's findings and agree with the respondent's position that they are inadequate to support a review by the Industrial Commission or by this court.
As we have pointed out, the critical finding was that "the existing disability results from the hernia surrounded by the surgically weakened tissue." By its order remanding the matter for more elaborate findings, the full commission properly points out that the deputy has failed to find whether the repeated surgical procedures were responsible in part for the ultimate disability and, if so, the extent to which they contributed. The finding which we have quoted seems to recognize that the original hernia itself remains a substantial contributing factor in the ultimate disability of the claimant. If the hernia were the sole cause of the disability, then the amount of the claim would be governed by F.S. Section 440.15(6), F.S.A. This is the section which deals expressly with industrially created hernias. The deputy commissioner, however, grounded his award on Section 440.02(19), which covers the aggravation of a pre-existing disease, and Section 440.15(3) (u), which fixes the amount of compensation for unscheduled "body as the whole" injuries. Ball v. Mann, Fla., 75 So.2d 758. The findings of the deputy here are also insufficient because they do not determine the extent of the relationship, if any, between the operating room accident following the second repair and the ultimate disability. In short, he should find the extent of aggravation produced by the various factors other than the original hernia itself and then make an award for the diminished earning capacity, if any, which resulted from the aggravating factors, disassociated from the original hernia.
It should be noted that we are not here dealing with the aggravation of a pre-existing hernia, resulting from a subsequent industrial accident. Padrick Chevrolet Co. v. Crosby, Fla., 75 So.2d 762. The situation here involves an industrially-related hernia in its inception, as defined by Section 440.15(6), Florida Statutes, F.S.A. The problem here revolves around the presence or absence of occurrences other than the original industrial accident which have aggravated and allegedly produced in part the non-repairable hernia condition. It is the extent to which such aggravating factors have contributed to the ultimate loss of earning capacity that will justify an award to the claimant under the provisions of Section 440.15(3) (u). See Sherman v. Peoples Water and Gas Co., 1962, Fla., 138 So.2d 745.
In announcing our position regarding the reviewability of the subject order, we have not overlooked Bachelder v. Four Way Nursery, Fla., 136 So.2d 643. Although some of the language of that decision would indicate a view contrary to the one which we here announce, it should be noted that, in actuality, the court considered the merits *283 of the order there under review. To the extent that the language of Bachelder v. Four Way Nursery, supra, might be considered inconsistent with the holding of this opinion, it cannot be considered as controlling.
The petition for certiorari is denied; the cause is remanded to respondent commission for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C.J., and O'CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.