DREW, Justice.
The petitioner in this certiorari proceeding seeks review of an order of the Industrial Commission reversing a deputy’s award of permanent total disability benefits upon a workmen’s compensation claim.
Respondent contends, and we agree, that the Commission’s order,[1] re *38 manding the cause for further testimony, is of an interlocutory nature and fails to dispose of the essential issues with finality. It is arguable that the decretal portion of the order necessarily rests upon a determination, and a reviewable determination,[2] that the deputy’s findings (the sufficiency of which are not questioned) and award are not supported by competent substantial evidence. We conclude, however, that the order of remand is predicated instead upon the deputy’s alleged error or abuse of discretion in “not requiring claimant to authorize” the release of certain documentary evidence and “furnish more particular information concerning his past activities.” Adjudication of these points, which are not shown to have been properly presented upon the record,[3] could not in any event eliminate the necessity for the Commission’s consideration of the merits of the award “upon the record as certified by the deputy commissioner,” F.S. Sec. 440.25(4) (d), F.S.A., and disposition *39 of the question of whether it could or could not be sustained upon that record.[4]
The necessity for such a ruling is obvious, even where the Commission may decide to exercise its power of remand under the statute because of its opinion "that vital and controlling evidence is available” in addition to that elicited in the course of seven hearings involving testimony of nineteen witnesses before the two deputies who have this far handled the claim. Ultimate disposition of a claim, as well as the right to resort to review in this Court, could otherwise be indefinitely postponed and the entire scheme for speedy disposition of these proceedings thwarted.
 In view of the foregoing, the Full Commission should have determined the cause on the merits upon the evidence before it and the legally adequate findings of the deputy commissioner. Accordingly, this cause is remanded to the Full Commission with directions to determine the cause on the merits upon the record before it.[5] This remand shall not be prejudicial to the rights of either party to seek review here of such ultimate order of the Full Commission on the merits.
It is so ordered.
TERRELL, Acting C. J., THOMAS and CALDWELL, JJ., and GOLDMAN, Circuit Judge, concur.

. After discussion of the facts in evidence, medical and otherwise, the Commission concluded:
“There is other contradictory evidence in the record, all of which points to the distinct possibility that, claimant’s eye sustained no permanent injury from the subject accident, and also that claimant now has some earning capacity. The carrier’s attempts to investigate and introduce evidence concerning the claimant’s past activities in Pennsylvania were not permitted by the Deputy Commissioner. In our opinion, where the record shows that vital and controlling evidence is available, and the party seeking to produce it has been reasonably diligent, the Deputy is in error where he does not afford the parties an opportunity to produce it. In this case, evidence contained in the State of Pennsylvania’s records will not be released except to claimant, or to the Commission (or its Deputy). We believe the Deputy abused his discretion by not requiring claimant to authorize its release. We also believe that the Deputy was somewhat remiss in not requiring claimant to furnish more particular information concerning his past activities so that his claims could be authenticated by the carrier.
*38 “Upon consideration, therefore, of the entire record before us, including the pleadings, briefs and argument of counsel it is
“ORDERED that the Order appealed from be reversed and set aside, and that this cause be remanded to a Deputy Commissioner with instructions to take such additional evidence as he deems proper in the light of the opinions here expressed, and that he thereupon enter and file his compensation order, including appropriate findings of fact based on all of the evidence produced in this cause, all according to law.”

. Patrylo v. Nautilus Hotel et al., Fla. 1962, 142 So.2d 279:
“Inasmuch as we have many times held that findings of a deputy in particular cases were inadequate to support a review by the full commission, we see no reason for declining to apply the rule in converse. * * * ”

. The record here shows that the controversy concerning the past activities of claimant in the State of Pennsylvania was resolved by agreement of counsel for the respective parties and such agreement was approved by the deputy commissioner. Several pages of the record were devoted to a discussion of the question of whether claimant would authorize the State Council for the Blind in Pennsylvania to release certain information in its possession, it being conceded that an authorization of the claimant was required. Claimant’s attorney did not object to giving the consent but to the delay which would be caused by a continuance for that purpose. Finally it was agreed that a letter from Curley Adjustment Bureau containing what must be presumed to be most of the facts concerning claimant’s activities in Pennsylvania which was in the possession of employer’s counsel would be received in evidence by the Commissioner without objection from either party. The following colloquy concluded this phase of the proceedings before the Commissioner:
“MR. WEBB: Yes, concerning the request of the proposed stipulation as to the information contained in a letter dated June 24, 1960, from the Curley Adjustment Bureau, Inc., signed by J. M. Mar-ron. It is my understanding, and Mr. Leemis, if I am not right, tell me, that the Carrier and Employer propose that the letter — the contents of the letter pertaining to the different extractions of the various reports will be stipulated to in lieu of going up and getting the records of these doctors and the departments? Is that correct?
“MR. LEEMIS: Not exactly, but close. My idea was that if consent could not be obtained, we wanted this to be offered. It would be our preference to have that record. However, we are agreeable to this going in and we are offering it for that purpose.
“MR. WEBB: In lieu of the other — ■ in other words, we won’t have to wait on the other? Can’t we go on this? That’s what I want to know.
“COMMISSIONER: Wouldn’t this serve your purpose?
“MR. LEEMIS: I think probably it would. I haven’t had a chance to discuss this with Doctor McCrory as he has with Doctor Houston, but I think—
“COMMISSIONER: Well, why don’t we at least temporarily receive it with the understanding if you want to discuss it with Doctor McCrory you can, but, in lieu of taking further statements relative to this matter in Pennsylvania, that this letter dated June 24, 1960, addressed to Mr. Lloyd Leemis and signed by Mr. J. M. Marrón of the Curley Adjustment Bureau, Inc., be received in evidence as Carrier’s Exhibit 2 without objection on the part of the Claimant.
“MR. WEBB: All right.”

. Cf. Blount v. State Road Dept., Fla. 1956, 87 So.2d 507, 512.

. See Jackson v. Princeton Farms Corp. et al., Fla.1962, opinion filed 31 January 1962, reh. den. 22 February 1962, Fla., 140 So.2d 570, concerning burden of proof of total permanent disability under related provisions of the act.