PER CURIAM.
The petition for writ of certiorari in this case is directed to an order of the Commission vacating a compensation order by the deputy because it “does not determine claimant’s over-all disability as a result of his back condition and his diminution of earning capacity pursuant to the [proper] criteria,” and because it “fails to mention or show that he considered the apportionment aspects of the prior injuries and the com-pensable Florida accident,” under F.S. Sec. 440.02(19), F.S.A. The cause was remanded “with directions to enter a new Compensation Order containing findings of fact in conformity with the views hereinabove expressed, with authority to conduct such hearings as, in his discretion, he deems necessary.”
Since the Commission’s order is on its face interlocutory in nature, we conclude that the petition here is premature and should be dismissed ex mero motu, without prejudice to a consideration of any issue *114 properly raised upon final disposition of the claim. Bachelder v. Four Way Nursery, Fla.1962, 136 So.2d 643; Steele v. Johnston, Fla.1962, 143 So.2d 36.
It is so ordered.
DREW, C. J., and TERRELL, THOMAS, O’CONNELL and CALDWELL, JJ., concur.