PER CURIAM.
Once again we are confronted with a compensation order of a deputy commissioner which wholly fails to conform to the requirements of law with reference to adequate findings of fact. Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503; Bachelder v. Four Way Nursery, Fla.1962, 136 So.2d 643; Patrylo v. Nautilus Hotel, Fla.1962, 142 So.2d 279; McGinley v. Industrial Equipment and Supplies, Fla.1963, 148 So.2d 273; Boyd v. Hudson Pulp and Paper Corporation, Fla.1964, 162 So.2d 519. The inadequacy of the compensation order was raised on the application for review before the full commission but not discussed in their short order affirming the deputy. It is again raised in this Court. Because of this glaring deficiency in the order under review, the compensation order of the full commission, dated September 2, 1964, is quashed with directions to the full commission to quash the order of the deputy commissioner and remand this cause to him for the prompt rendition of a proper compensation order.
It is with reluctance that we return this case to the deputy to do that which he should have done in the beginning. The total absence of findings of fact renders it impossible for this Court to discharge its duty under the law in reviewing this case.
This Court has observed an increasing tendency on the part of the deputy commissioners to render ultimate judgments in these matters rather than making adequate findings of fact and conclusions of law as required by the cases heretofore cited and many others. In Hardy v. City of Tarpon Springs, supra, and in a number of cases since, this Court has carefully delineated the responsibility of the deputy commissioners in these proceedings and we have emphasized the fact that the failure ini-. tially to comply with these requirements means months and possibly years of delay in the ultimate decision of these compensation cases where prompt action is so essential. This case is typical. It involves an alleged injury which occurred nearly two years ago. Now the case must go back and probably once again travel the slow and tortuous path to the full commission and this Court. We hope it shall not again be necessary to call this matter to the attention of those involved.
THOMAS, Acting C. J., and ROBERTS, O’CONNELL, CALDWELL and HOBSON (Retired), JJ., concur.