ON MOTION TO DISMISS
PER CURIAM.
The Industrial Relations Commission has moved to dismiss the claimant’s petition for writ of certiorari seeking review, on the theory that the Commission’s order remanding to the Judge of Industrial Claims is interlocutory and nonreviewable in this Court.
It is an established rule of law that an order of the Industrial Relations Commission remanding for further evidence is not final, but is interlocutory and nonrev-iewable. Bachelder v. Four Way Nursery, 136 So.2d 643 (Fla.1962); Liquori v. Heftier Construction Co., 160 So.2d 113 (Fla.1964). The primary purpose of this rule is to permit the Commission, when evidence or findings of fact are inadequate to permit proper review, to remand for further evidence and findings of fact.
The rule does not apply in those cases where the Commission remands for further evidence, but in its order also makes final disposition of some element of the claim. Such final orders may be reviewed in this Court on petition for certiorari. Sterling Equipment Manufacturing Corp. v. May, 144 So.2d 305 (Fla.1962); Steele v. Johnston, 143 So.2d 36 (Fla.1962); Patrylo v. Nautilus Hotel, 142 So.2d 279 (Fla.1962).
In the case sitb judice, the Commission’s order of remand did not result from a conclusion that evidence or findings of fact grounded thereon were inadequate. Rather, the remand was ordered on grounds the Judge of Industrial Claims *850 who heard the case was without jurisdiction, the case being remanded to another Judge of Industrial Claims. The Commission also held that the order entered by the first Judge of Industrial Claims was invalid, the award of compensation was invalid, and award of attorneys’ fees was invalid. These orders all are final, and as such, may be reviewed on the merits on petition for certiorari in this Court.
For the reasons stated, the motion to dismiss is denied.
It is so ordered.
ROBERTS, C. J., and ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.