BOYD, Justice.
This cause is before us after argument on motion to quash petition for writ of certiorari to the Industrial Relations Commission. Respondents, in their motion to quash, contend that this Court lacks jurisdiction because the order of the Commission sought to be reviewed is interlocutory in nature.
Briefly, the facts are that the Judge of Industrial Claims awarded claimant 25% permanent partial disability benefits. However, the record supporting this award contained 270 notations of “inaudible” by the reporter and a notation that there was an additional section of aproximately 1 minute completely inaudible.
The Full Commission in the order herein sought to be reviewed, ruled as follows:
“Accordingly, the appellants’ motion to quash the Order of the Judge of Industrial Claims is granted, the said Order is quashed and the cause is remanded to the Bureau of Workmen’s Compensation for assignment to a Judge of Industrial Claims for the purpose of certifying a complete and accurate record, not to exclude the possibility of a trial de novo’ if indicated, from the date of which re-certification the appellants shall have twenty days within which to file a brief, and the appellee fifteen days therefrom.”
There is additional dispute over the admissibility of the deposition of Dr. Donald Sheffel, whose testimony was relied on by the trial judge in making his award. On this point, the Commission ruled that the deposition “stands dehors the record on appeal.”
The policy of this Court in reviewing workmen’s compensation orders, which in other types of proceedings might *279 be considered, “interlocutory”, was stated in Patrylo v. Nautilus Hotel, as follows:[1]
“[W]e consider it to be more nearly consistent with the objectives of the workmen’s compensation law, as well as with the expeditious settlement of compensation claims, to exercise the power of review in any situation where the order of the Industrial Commission if left standing would conclude an essential element of the ultimate final disposition of the matter.”
In the Patrylo case, the order sought to be reviewed remanded for adequate findings of fact with authority to conduct further hearings if necessary. In holding that this order was sufficiently final to allow review, this Court, in Patrylo, stated:[2]
“We have consistently held that the adequacy of the deputy’s findings is a subject for judicial review. To that extent, although these findings announce factual conclusions, the question of the adequacy or sufficiency of the findings to comport with the statutory requirement, as interpreted by this court, presents an issue of law subject to review here. Consequently, when the full commission passes upon the adequacy of a deputy’s findings, such action if allowed to stand would be dis-positive of an essential element in the proceeding and therefore subject to review by this court.
“Inasmuch as we have many times held that findings of a deputy in particular cases were inadequate to support a review by the full commission, we see no reason for declining to apply the rule in converse. Consequently, when the full commission expressly holds the findings of a deputy to be inadequate to meet the statutory requirements as construed by prior decisions, then such action by the full commission is in and of itself also subject to review. If the rule were otherwise, the Industrial Commission could merely repeat its order requiring additional findings with the result that the final decision on a compensation claim could be extended interminably.”
We are aware of statements appearing in this Court’s decisions in Matthews v. Seaboard Properties, Inc.,[3] Bachelder v. Four Way Nursery,[4] and Liquori v. Heftler Construction Co.,[5] that orders of the Full Commission remanding for further evidence are interlocutory. The Bachelder and Liquori cases denied certiorari on the grounds that orders remanding for further findings were not reviewable. These decisions, although stating the technically correct rule applicable in most areas of the law, are not in accord with the policy of reviewability of workmen compensation orders as stated in Patrylo. We therefore, recede from the Matthews, Bachelder and Liquori decisions to the extent those decisions are inconsistent with Patrylo v. Nautilus Hotel, supra.
Motion to quash is denied. In the interest of avoiding further delay in these proceedings, we dispense with oral argument, pursuant to Rule 3.10(e), Florida Appellate Rules, 32 F.S.A., and proceed to the merits of the petition. Our review of the record convinces us that the Full Commission was correct in remanding in order to obtain a complete and accurate record for review. We hold, however, that on remand, the deposition of Dr. Donald Sheffel be allowed in as part of the record, whether or not there is a trial de novo. Due to the incomplete state of the record, it is not clear whether this deposition was properly admitted into evidence. However, since the cause must be remanded, we see no valid reason for not allowing the deposition to be made a part of either the reconstructed record or new record, as the case may be.
*280 Accordingly, certiorari is granted, the order of the Full Commission is quashed in part and affirmed in part and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and DEKLE, JJ., concur.

. Patrylo v. Nautilus Hotel, 142 So.2d 279, 281 (Fla.1962).

. Ibid.

. 250 So.2d 849 (Fla.1971).

. 136 So.2d 643 (Fla.1962).

. 160 So.2d 113 (Fla.1964).