DEKLE, Justice.
• By petition for writ of certiorari we have for review an order of the Industrial Relations Commission reversing and remanding this cause to the Judge of Industrial Claims for further findings. We denied oral argument as unnecessary. See F.A.R. 3.10(e), 32 F.S.A.
We have said in Matthews v. Seaboard Properties, Inc., 250 So.2d 849 (Fla.1971), that it is an established rule of law that an order of the Industrial Relations Commission remanding for further evidence is not final, but is interlocutory and non-reviewable. Bachelder v. Four Way Nursery, 136 So.2d 643 (Fla.1962); Liquori v. Heftler Construction Co., 160 So.2d 113 (Fla.1964). We recited that the rule’s purpose is to al *531 low the Commission to remand for sufficient facts for a proper review. This remains a valid purpose and prerogative of the Commission. Upon review of this rule of law, however, which has disallowed a review of the. Commission’s action, we have concluded that such a review in a proper case is desirable and would promote disposition of litigation by avoiding unwarranted remands by the Commission with no right of review.
Accordingly, we now hold that a Commission’s order of remand for adequate findings of fact is a final order, not an interlocutory one, and therefore is reviewable by this Court. In making this pronouncement, changing the rule, we expressly recede from the rule as advanced in Matthews v. Seaboard Properties, Inc., supra, and similar cases, to conform with the rule set forth herein. We accordingly proceed to a review of the Commission’s order.
Claimant-petitioner sustained injuries to his left arm and legs while performing his duties as a traffic light installer for Palm Beach County, respondent-employer herein. The Judge of Industrial Claims awarded claimant workmen’s compensation benefits based upon a finding of a 50% loss of wage earning capacity and the following findings of fact:
“I have taken into consideration Dr. Jones’ rating of 29% permanent partial impairment of the body as a whole and Dr. Hoover’s rating of 40% of the body as a whole. I have considered the claimant’s age of 50 years; his high school education and specialized training in aircraft maintenance; his physical restrictions from moderate walking, standing for more than 20 to 30 minutes, climbing and lifting due to this accident; his inability to perform other than light work; the effect of these restrictions on his ability to compete in the open labor market; and the fact of his present employment with Palm Beach County in a much lighter job, which had never been filled by anyone prior to this accident, at a higher salary than he was making at the time of the accident.”
The IRC reversed and remanded this cause on the ground that the order of the Judge of Industrial Claims did not state sufficient information to comply with the requirements for material facts as set forth in Ball v. Mann, 75 So.2d 758 (Fla.1954), and Hardy v. City of Tarpon Springs, 81 So.2d 503 (Fla.1955). We must disagree with the Commission.
An order of a Judge of Industrial Claims must include ultimate facts as required by Brown v. Griffin, 229 So.2d 225 (Fla.1969), and material facts as defined in Ball v. Mann, supra, and Hardy v. City of Tarpon Springs, supra. These ultimate and material facts are necessary in order to permit meaningful appellate review by the Commission and this Court. In the record before us and in particular the portion of the Judge of Industrial Claims’ order quoted above, it is evident that he considered all the evidence presented and made sufficient findings of ultimate and material facts in his compensation order.
In so ruling, we do not pass upon the substantive issues involved in the case. We simply hold that the order of the Judge of Industrial Claims satisfies this Court’s requirements for ultimate and material facts.
Accordingly, certiorari is granted and this cause is remanded to the Commission with directions to entertain the application for review upon the findings submitted.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and ADKINS, JJ., concur.