381 So.2d 738 (1980)
PLANT CITY STEEL, Division of Harsco & Travelers Ins. Co., Appellants,
v.
Burnie Lee GRACE, Appellee.
No. QQ-325.
District Court of Appeal of Florida, First District.
April 1, 1980.
*739 Charles A. Zinn of Shackleford, Farrior, Stallings & Evans, Tampa, for appellants.
William D. Douglas of Hamilton & Douglas, Tampa, for appellee.
WENTWORTH, Judge.
The employer/carrier appeals a worker's compensation order awarding 35% permanent partial disability compensation for a wage earning capacity loss. Appellant asserts the law and evidence do not permit compensation for aggravation of a preexisting hernia or other condition, or for wage earning capacity loss in this case. We agree and reverse and remand for the award of compensation consistent with the provisions of the hernia statute, § 440.15(6), Florida Statutes.
The order on appeal finds:
The claimant has had hernia surgery prior to the injury of August 24, 1970, while employed by the same employer. The accident of August 24, 1970, was an aggravation of the preexisting hernia, so the claimant's remedy is not limited by the provisions of the hernia statute, Section 440.15(6), F.S. See Padrick Chevrolet Company v. Crosby, 75 So.2d 762 (Fla. 1954). The prior order in this case, which was not appealed, implicitly rejected the contention of the employer/carrier that the claimant's recovery is limited by the provisions of the hernia statute.
The prior order and the record preceding its entry do not substantiate the conclusion that inapplicability of the hernia statute was previously adjudicated. Although that point was initially raised, the first order omitted any reference to the point and the issue was entirely avoided by the limited award of disability compensation for a period of four weeks following surgery in 1974, apparently well within the terms of the hernia statute so far as can be determined from the facts recited or reflected by the record.
In 1958 the claimant sustained an initial hernia which was successfully repaired by two surgical procedures. In 1970, while lifting materials for his employer, claimant developed a knot and severe pain at the site of his prior hernia. He sought immediate medical attention and his condition was diagnosed as a recurrent hernia. The treating physician specifically indicated that claimant's prior hernia was fully healed and that the present injury represented a recurrence. After undergoing two surgical procedures for his present injury, the claimant continued to experience pain and a burning sensation. He rejected any further surgery by the treating physician and sought referral, indicating that he would then be willing to undergo surgery. However, that physician could find no existing herniation and felt that the claimant's symptoms were due to scarification and weakness from his prior operation. He concluded that there was nothing he could do to improve the claimant and "would definitely not recommend any surgery." The initial treating physician was of a similar opinion, that his hernia repair was successful and that claimant's symptoms represented residual discomfort. The medical testimony was to the effect that although the claimant's hernia condition would not preclude further work, nevertheless he is totally disabled as a result of the combination of his health problems.
We agree with appellants' contention that the deputy erred in finding that the 1970 accident produced an aggravation of a preexisting hernia. Section 440.15(6)(f), Florida Statutes, provides in relevant part that all hernias are to be treated *740 by surgical operation and that compensation shall be paid for a period of six weeks from the date of the operation. But where a preexisting unrepaired hernia is aggravated by an industrial accident, compensation is payable under § 440.02(19), Florida Statutes, and is neither limited by nor necessarily equivalent to the six weeks provision in § 440.15(6)(f). Padrick Chevrolet Co. v. Crosby, 75 So.2d 762 (Fla. 1954). Where a hernia has been successfully repaired and a new accident causes recurrence of the hernia, that injury is governed by the § 440.15(6)(f) six weeks limitation, and § 440.19 is not applicable. Empire Furniture Factory v. Kuczynski, IRC Order 2-3544 (Sept. 20, 1978), cert. denied, Kuczynski v. Empire Furniture Factory, 379 So.2d 206 (1979). Cataldo v. Reliable Plasterers, 5 FCR 77 (1962).
In the present case the evidence indicates that the claimant's prior hernia had been successfully repaired and that his present injury was a recurrent hernia. Compensation should thus be governed by § 440.15(6)(f), since we find no evidence of aggravation of any condition other than a weakness at the site without which "any hernia, whether an `initial' hernia or a `recurrent' hernia, ordinarily does not appear." Cataldo v. Reliable Plasterers, 5 FCR at 79. The appellee's citation of Sherman v. Peoples Water & Gas Co., 138 So.2d 745 (Fla. 1962), appears to be inappropriate. That case involved a preexisting unrepaired hernia, and its aggravation by injury under the circumstances presented was compensable pursuant to a permanent partial disability rating.
Since claimant's industrial injury in this case was simply a recurrent hernia which was surgically repaired, § 440.15(6) precludes a compensation award based on loss of wage earning capacity. Empire Furniture, supra; Cataldo, supra. Even assuming relevance of wage earning capacity loss, the record contains no evidence of a good faith work search as required by Exxon Co. USA v. Alexis, 370 So.2d 1128 (Fla. 1978). While claimant's various health problems (including ailments of a nonindustrial character) precluded a return to his former employment, there is no showing (other than the fact of his retirement) that he was limited to a "specially created job," or that a work search would be "obviously futile." Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla. 1960); Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976).
The order awarding compensation, costs and attorney fees is accordingly reversed and the cause remanded for further proceedings consistent herewith.
ROBERT P. SMITH, Jr., and LARRY G. SMITH, JJ., concur.