PER CURIAM.
The employer/carrier appeals an order of the deputy commissioner finding claimant's recurrent hernia compensable and awarding compensation in excess of the six weeks mandated by Section 440.15(6)(f). The carrier argued that the hernia was not com-pensable, but if it was compensable, then compensation should not have been paid for more than six weeks as provided in § 440.-15(6)(f). We affirm the deputy’s finding of compensability but reverse the order as to the compensation awarded in excess of the statutory maximum of six weeks.
Claimant suffered a compensable hernia on January 3, 1977 which was repaired and compensation paid pursuant to Section 440.-15(6)(f). The claimant did not return to work for the employer, but started a business as an insurance adjuster, resuming normal activities.
In February 1979, claimant was diagnosed by Dr. Wolfe as having a recurrent hernia. Dr. Wolfe stated that the hernia was the result of a breakdown of the previous repair. He stated that a recurrent hernia could be caused by just a breakdown of the previous repair without any intervening strain or accident. Based on this testimony, the deputy correctly found that claimant’s recurrent hernia was causally related to his prior injury which caused the first hernia.
The claimant, relying on Patrylo v. Nautilus Hotel, 4 FCR 234 (1960); Patrylo v. Nautilus Hotel, 5 FCR 27 (1961), cert. denied 142 So.2d 279 (Fla.1962); and Bryant v. Virginia Carolina Chemical Company, 1 FCR 20 (1953), argued that the recurrent hernia was an aggravation of the prior hernia and therefore compensation was not limited to Section 440.15(6)(f). The carrier, on the other hand, relying on Plant City Steel v. Grace, 381 So.2d 738 (Fla. 1st DCA 1980), argued that recurrent hernias must be governed by Section 440.15(6)(f). We agree with the employer/carrier’s position that recurrent hernias must be restricted to Section 440.15(6)(f).
In Bryant, supra the claimant suffered from a preexisting hernia which had not been repaired. His compensable injury aggravated this preexisting hernia. Accordingly, compensation was allowed pursuant to § 440.02(19), as it would be for any other aggravation of a preexisting condition.
In Patrylo, supra the claimant suffered a hernia in September 1959 which was repaired. He suffered a recurrent hernia in November 1959. This hernia was repaired surgically in December 1959. The claimant suffered another hernia immediately after the operation as he was pulled from the operating table to a gurney. The commission recognized that his hernia repair was *143 aggravated by his surgical procedure and, therefore, allowed compensation in excess of that allowed by the hernia section.
The medical testimony in Patrylo was to the effect that the claimant would have to wait ten to twelve months before a third hernia repair could be undertaken. Compensation was awarded in Patrylo because the third operation had not yet been performed. “Since the operation is yet to be performed, it is our view that the last sentence of the hernia section should govern in this cause.” Patrylo, 4 FCR 234, 238. The last sentence of the hernia section stated “Compensation shall be allowed for temporary total disability as provided by Subsection (2) of this section for such disability before the operation.” (emphasis supplied); see also Vecchione v. Little River Bank and Trust Company, 5 FCR 292 (1964). Thus it is clear that compensation was awarded in Patrylo for aggravation of a primary injury by medical treatment rather than aggravation of a preexisting unrepaired hernia causing the need for medical treatment. “The great majority of American courts now hold that aggravation of a primary injury by medical treatment is compensa-ble.” Patrylo, 4 FCR 234, 238.
Patrylo underwent a third hernia operation which also was unsuccessful. The deputy commissioner awarded him 25% permanent partial disability as a result of sustaining a hernia by accident upon which three unsuccessful surgical procedures had been performed. The commission quashed the deputy’s order because there were insufficient findings of fact as to whether there had been an aggravation of a preexisting hernia. 5 FCR 27, 29.
In denying the petition for certiorari, the Supreme Court in Patrylo, 142 So.2d 279 stated:
If the hernia were the sole cause of the disability, then the amount of the claim would be governed by F.S. Section 440.-15(6), F.S.A. ... The deputy commissioner, however, grounded his award on Section 440.02(19), which covers the aggravation of a preexisting disease .... The findings of the deputy here are also insufficient because they do not determine the extent of the relationship, if any, between the operating room accident following the second repair and the ultimate disability....
The problem here revolves around the presence or absence of occurrences other than the original industrial accident which have aggravated and allegedly produced in part the nonrepairable hernia condition.
Id. at 282.
In the instant case, claimant merely suffered a recurrent hernia. This recurrent hernia was the sole cause of his disability. He did not suffer an aggravation of a primary injury by a surgical procedure as in Patrylo. As stated in Empire Furniture Factory v. Kuczynski, IRC Order 2-3544 (Sept. 20, 1978):
There is a difference between the aggravation of a preexisting hernia and a recurrent hernia. The record is clear that claimant’s 1972 hernia was well healed by July 5, 1972 and he was released by his treating physician to return to full time activity. In 1975 there was no hernia to aggravate, but merely a weakness at the site of the 1972 surgery. This proclivity is not a preexisting hernia subject to aggravation. ...
The recurrent hernia in this instance can only be compensated for under Section 440.14(6) Florida Statutes 1975.
In addressing a similar situation this court in Plant City Steel v. Grace, supra, stated:
In the present case the evidence indicates that the claimant’s prior hernia had been successfully repaired and that his present injury was a recurrent hernia. Compensation should thus be governed by Section 440.15(6)(f), since we find no evidence of aggravation of any condition other than a weakness at the site without which “any hernia, whether an ‘initial hernia’ or a ‘recurrent hernia’, ordinarily does not appear.” Cataldo v. Reliable Plasterers, 5 FCR at 79.
Accordingly, the deputy’s award of compensation in excess of the six weeks maximum allowed by the § 440.15(6)(f) is re *144 versed. This cause is remanded for proceedings consistent with this opinion.
WENTWORTH and JOANOS, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.