O’CONNELL' Justice.
The claimant, Ruben May, being dissatisfied with an order of the deputy which awarded less compensation than claimant felt he deserved, sought review by the full commission. On such review the full commission vacated the deputy’s order, calling his attention to various errors and dis *306 crepancies therein and remanding- the cause for “reconsideration” of the cited errors and discrepancies. The employer and carrier now seek review of the commission’s order.
At oral argument before us the respondent-claimant argued that the order of the commission was not such a final order as to be entitled to review by this Court, citing Bachelder v. Four Way Nursery, Fla. 1962, 136 So.2d 643.
We have carefully considered this argument and have concluded that the commission’s order does possess sufficient finality to be entitled to review here because if left standing it would conclude one or more essential elements of the cause. See Patrylo v. Nautilus Hotel, Fla., 142 So.2d 279.
Claimant suffered one compensable injury to his back on October 24, 1958, and another on May 25, 1960. It also appears that he suffered additional injury to his back in an industrial accident in October 1959 and further injured it in a non-compensable auto accident in January 1960. During all of this period he was working for the same employer, petitioner here.
Claimant was furnished medical care for the industrial accidents of October 1958 and October 1959, but none for the May 25, 1960 accident. Some three months after this last accident he terminated his employment and without requesting medical attention from his employer entered a Veterans Administration hospital for observation due to complaints of back pain.
After release from this hospital he resumed the same type employment for about two months, but ceased because he could not do the work. On November 16, 1960 he accepted employment as a hotel maintenance man which involved lighter work and paid considerably smaller wages.
In December 1960 claimant filed a claim letter with the Florida Industrial Commission, followed in January 1961 with a claim on the form furnished by the commission.
A hearing was held in May 1961 at which several physicians testified. In addition, reports of the medical witnesses and hospital records were received in evidence.
Thereafter the deputy rendered his report.
In his order among other things the deputy found that the claimant’s condition was the result of the industrial accidents of October 1958 and May 1960 and the automobile accident in January 1960, but in another finding stated that tíre auto accident did not contribute to claimant’s disability; he found that as a result of these two industrial accidents claimant had suffered a 25% permanent partial disability of the body and apportioned this 10% to the first and 15% to the second accident. He ruled, however, that the statute of limitations had run as to the 1958 accident. As discussed later, he found that the claimant was not entitled to payment of or reimbursement for the treatment received by him at the Veterans Administration hospital. lie found that the claimant reached maximum medical improvement on November 16, 1960. He ordered that compensation be paid claimant on a basis of 15% permanent partial disability of the body as a whole but made no finding as to the loss of wage earning capacity suffered by the claimant.
We will discuss only such portions of the deputy’s order as were discussed by the commission in its order.
First, the commission disagreed with the deputy’s paraphrase of the testimony of a Dr. Terheyden to the effect that claimant’s first injury probably contributed most to his disability in that it made him more susceptible to other injuries. There seems to be no basis for this criticism and in any event the matter is of little importance.
Second, the commission concluded that the deputy incorrectly found that Dr. Ter-heyden had stated that claimant reached maximum medical improvement in November 1960 for the reason that this finding *307 was not supported by the evidence. The commission is correct. November 16, 1960 appears to be the date on which claimant went to work as a hotel maintenance man, but there is no evidence indicating that this was the date of maximum medical recovery. On remand the deputy should make such a determination, receiving additional evidence, if any be offered, necessary to such determination.
Third, although it is a technicality, the deputy, as pointed out in the commission’s order, did misstate the date on which the claim here involved was filed.
Fourth, the commission correctly calls attention to the fact that in one finding of fact the deputy found the claimant’s hack condition to be the result of the industrial accidents of October 1958 and May 1960, but in another found the condition to be the result of these two industrial accidents and the automobile accident of January 1960. The conflicting findings cannot be reconciled. In addition, as noted by the commission, the deputy made no determination of the part the October 1959 accident played in the claimant’s condition. The effect of this accident could be material to the disposition of this cause, since apportionment is involved.
Fifth, in its order the commission said the deputy should have determined whether the Veterans Administration hospital should be excused for its failure to furnish medical reports pertaining to the treatment given claimant before denying reimbursement for such treatment. The commission’s order seems to imply that the deputy should have found the treatment to he proper and claimant to be entitled for reimbursement, if the Veterans Administration hospital could show grounds for excusing its failure to furnish the medical reports.
The deputy denied reimbursement for this treatment because (1) it was “not related to the two industrial accidents”; (2) the hospital did not forward the reports of injury and treatment as required by Sec. 440.13(1), F.S.A., and (3) because the claimant did not make a proper and adequate request of the employer for medical care prior to obtaining the attention in issue.
The commission must have misinterpreted this portion of the deputy’s order. Although the deputy may have made an unfortunate choice of words when he said the treatment was “not related” to the industrial accidents, it seems that he meant that although the treatment was for claimant’s back the employer and carrier should not be responsible for it. The remainder of this finding makes the deputy’s position quite clear.
As stated above the deputy found that good cause for the hospital’s failure to file the required reports had not been shown. The commission said he should have determined whether good cause did exist.
Certainly, the burden is not on the deputy to explore for good cause or to require that a claimant produce evidence on the point. Rather, the burden is on the claimant to show cause to excuse the failure just as it is his duty to show good cause for not making demand on his employer before seeking treatment on his own. United Electric Company v. Myers, Fla. 1961, 134 So.2d 7.
That part of the commission’s order dealing with this point is incorrect.
Sixth, the deputy found “ * * * that after the first industrial accident, claimant’s hack became weaker and more susceptible to recurrent injury and after the second industrial accident, this condition was intensified.” While he does not say so in so many words it is clear that the deputy determined that this weakness and susceptibility to injury was the disability suffered by claimant. The commission noted that four doctors testified as to the cause of claimant’s back condition, saying that one had the opinion it was due to muscular and ligamentous injury; two were of the opinion it was due to scoliosis (curvature *308 of the spine) and muscular spasm; one suspected spondylitis (inflammation of the vertebrae); and one diagnosed chronic lumbar myositis (inflammation of the muscles). The commission complained that the deputy “* * * did not resolve any of these conflicting medical opinions and made no finding of fact as to the true basic condition from which the claimant is suffering.”
It is true that the deputy did not make a finding as to the scientific cause of claimant’s condition. Rather his finding was in terms of effect, i. e. a weakened back more subject to injury and recurrent muscle spasm. The deputy found that this effect was the result, at least in part, of the industrial accidents and that it was disabling. We think this is a sufficient finding without a determination in medical terminology of the exact cause of the condition. Particularly is this true since it cannot be said that the finding of a weakened back with susceptibility to muscle spasm and injury is inconsistent with- the medical evidence.
Therefore, that portion of the commission’s order dealing with this point is incorrect.
Seventh, as above noted the deputy found that claimant suffered a 25% disability of the body as a whole and apportioned this disability 10% to the accident of October 1958 and 15% to that of May 1960. The full commission’s order reversed this finding, stating that there was no support in the record for either the finding of extent of disability or the apportionment between the two accidents. We agree with the commission.
Further, the award of the deputy seems to have been predicated on a functional disability rather than loss of wage earning capacity. While it is true that the record shows that the claimant is earning less wages now than in his former employment this alone is not enough to support a determination of loss of wage earning capacity. See Ball v. Mann, Fla.1954, 75 So. 2d 758, and Southern Bell Telephone & Telegraph Co. v. Bell, Fla.1959, 116 So.2d 617.
For the reasons above expressed the petition for writ of certiorari is granted and the order of the commission is affirmed in part and reversed in part and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C. J., and TERRELL, THORNAL and HOBSON (Ret.), JJ., concur.