THOMAS S. BLACKMON *vs.* PANTEX MANUFACTURING
CORPORATION.

JANUARY 21, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an appeal by an employee from a decree of the workmen's compensation commission entered on January 12, 1962 denying and dismissing his petition for review. The commission found as a fact that since June 30, 1961 the petitioner had been partially incapacitated for work by reason of the injury sustained on March 28, 1960,

but that he had failed to prove the extent of his loss of earning capacity.

For some years he had been working for respondent as a shipping clerk, a job which involved heavy lifting. On March 28, 1960 while at work he received a back injury. He went on compensation until May 10, 1960 when he was given work by the respondent as an expediter. This work required little bending or lifting and could be characterized as light work. Because of his injury he was again put on compensation on November 24, 1960 until February 6, 1961, when he returned to work. Again on March 28, 1961 he entered the hospital and was on compensation until April 10, 1961.

On June 30, 1961 the job of expediter was abolished and petitioner was discharged. At that time he was being treated for his injury by Dr. Michael E. Scala and the evidence is uncontradicted that he has continued to treat him.

The evidence also shows that since his discharge petitioner has sought work unsuccessfully from respondent, from the Department of Employment Security, and from a considerable number of industrial plants in Pawtucket.

Prior to his injury petitioner had worked for respondent continuously from January 1946 and had a high employment seniority rating. He has not worked since the date of his discharge, namely, June 30, 1961. The petitioner urges that since he is partially incapacitated and has sought but has been unable to obtain work, he brings himself within the language of the latter portion of G. L. 1956, §28-33-18, as amended, which reads as follows:

> "* * * provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive

as weekly compensation the amount payable for total incapacity."

While petitioner has made an effort to find work it does not appear that respondent has given him any aid in that direction. This is a burden placed upon the employer as well as upon the employee. *Darlington Fabrics Corp.* v. *Bury,* 95 R. I. 62, 182 A.2d 437; *Moss Construction Co.* v. *Boiani,* 84 R. I. 486.

The petition for review was first heard by a single commissioner who found that petitioner had never fully recovered from the effects of the injury of March 28, 1960. He found, however, that since it was an employee's petition, the burden was on the employee to prove the extent of loss of earning capacity. The full commission seems to have taken the same view. This was error since the statute just quoted does not require a finding of the exact extent of the incapacity.

There is no question that petitioner is able to do some types of work as proved by the fact that he worked as an expediter, a job which appears to have been made for him by respondent for whom he had worked since 1946. However, when that job was abolished he found himself unable to obtain work which he was physically able to do. Upon the facts as they appear petitioner brings himself squarely within the requirements of §28-33-18.

In *Imperial Knife Co.* v. *Gonsalves,* 86 R. I. 68, at page 73, the court said of P. L. 1956, chap. 3784, now §28-33-18, "From the language of the amendment we are of the opinion that the legislature intended, in a realistic and practical fashion, to benefit a certain class of injured employees by treating them as totally incapacitated under certain conditions expressly stated in the last proviso of art. II, sec. 11, as amended by chap. 3784."

To the same effect are *Beaudry* v. *United States Rubber Co.,* 88 R. I. 162, and *D'Iorio* v. *United States Rubber Co.,* 88 R. I. 369.

The respondent appears to take the position that petitioner, while having a partial disability from a medical point of view, actually has no disability which prevents him from working and earning as much as he was able to make before his injury. It is true that respondent, petitioner's employer for many years, did give him employment at his old salary for approximately a year, but it is reasonably evident that because he was an old and valued employee respondent endeavored to provide for him by making a position for him. But whether that be so or not, petitioner because of his physical condition has been unable since his discharge to find anything that he is able to do.

[3] From the evidence it is clear that petitioner is partially incapacitated since the commission has so found, and that he is able to do certain types of work but has been unable to find such work. The commission appears to have decided the case on its understanding that it was essential for petitioner to prove the extent of his loss of earning capacity. He does not claim to be wholly incapacitated but he is unable to obtain any work that he can do.

In the state of the record we are clearly of the opinion that the section of the statute already cited is controlling and entitles the petitioner to compensation for total incapacity.

The employee's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for entry of a new decree in accordance with this opinion.

*Crowe, Hetherington & Chester, Thomas Hetherington,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.