EUGENE G. TRETTON *vs.* ATWOOD CRAWFORD CO.

JUNE 29, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is an employee's petition to review a preliminary agreement for compensation entered into under the workmen's compensation act, the ground therefor being that he has become partially incapacitated by reason of the injuries described in said agreement. The agreement provided for the payment of compensation for a period of fifteen weeks for incapacity resulting from injuries described therein as "the loss of 3 phalanges — 4th finger — left hand" and established the petitioner's average weekly wage as $100. The petition was heard by a trial commissioner who thereafter entered a decree denying and dismissing it. The cause is before us on the employee's appeal from a decree by the full commission affirming the trial commissioner's decree.

The record discloses that petitioner, while employed by respondent during June 1956, sustained the injuries described in the agreement and that he subsequently returned to work for respondent. It further appears that with some interruptions for hospitalization he continued in this employment until December 17, 1962 and that during this time his weekly wage was increased to $125. He left this employment, according to his testimony, when a successor employer, who had purchased the business of respondent from a receiver, informed him of its intention to reduce his weekly wage to $90. He testified that he then attempted to find employment as a woodworker without success but that just prior to the time of hearing before the trial commissioner he did obtain light work that would pay $60 weekly.

In the decree affirmed by the full commission the trial commissioner found "That the petitioner has failed to prove that he has suffered any loss of earning capacity since December 17, 1962 as a result of his injury of June 1, 1956." The commission, clearly concluding that petitioner had not met the burden of proof incumbent upon him, that is, to prove a loss of earning capacity, denied and dismissed his

petition because under our statute only loss of earning capacity is compensable. *Gray* v. *Kagan*, 87 R. I. 264.

The only evidence in the record that relates to the nature of petitioner's work and the circumstances of the termination of his employment is that to which he testified, describing himself as the superintendent of a shop operated by respondent and, by trade, a wood turner. In the course of direct examination he was asked if upon his return to work he could perform his duties and testified: "Well, yes and no. I did things that I didn't have to before because I was superintendent and I had worked physically before a lot which curtailed it after but I still was doing my superintendent's job."

When cross-examined as to his ability to perform the duties of his employment, he testified, in substance, that upon his return to work from a period of hospitalization in 1960 he performed his former duties until he left the job in 1962 and that he would have continued to perform them had not his new employer informed him of its intention to reduce his wages. In cross-examination, when inquiry was made as to his ability to do the work, he testified: "Yeah. Well, that job I could do with one hand. * * * In fact, I worked eight weeks with a cast on it." He testified that he left this employment when the new employer acted to reduce his wage to $90, testifying in part: "They was putting me out nicely so I--- * * * And I went out."

We advert to this particular testimony of petitioner because of his contention that there is in the record no evidence upon which the commission's finding as to his earning capacity can be supported. He is arguing, as we understand him, that the earning capacity of an injured employee is to be determined on the basis of his employability in the open labor market and that evidence concerning a return to his prior employment and his earnings thereat is without materiality and therefore legally incompetent on the issue of such earning capacity. Conceding that evidence as to

employability of an injured employee in the open labor market is legally competent evidence on the issue of his loss of earning capacity, it does not follow that evidence as to the wages he earns upon his return to his prior employment is without probative force on that issue and therefore incompetent. It is our opinion that evidence of the latter kind is material on the issue of an injured employee's earning capacity and, when adduced, is entitled to such weight as the commission properly may give it.

We are unable to perceive, as petitioner appears to argue, that *Blackmon* v. *Pantex Mfg. Corp.*, 95 R. I. 389, 187 A.2d 541, stands for the proposition that evidence as to the earnings of an injured employee upon his return to his prior employment is without probative force on the question of his loss of earning capacity. In our opinion that case and the instant case are clearly distinguishable. The evidence in *Blackmon* upon which the commission apparently relied in finding that petitioner had failed to prove a loss of earning capacity clearly established that after his injury the employee had returned to work on a job which involved entirely different and less arduous duties than those he performed prior to the injury. However, in the instant case the evidence raises directly the question as to whether petitioner, having returned to his prior employment, was therein performing the same duties that he had performed prior to his injury. It is our opinion that evidence of this kind is material on the issue and raises a question of credibility and weight for the commission.

A finding of fact by the commission that is supported by legal evidence contained in the record is, absent a showing of fraud, conclusive and binding upon this court. *United Wire & Supply Corp.* v. *Frenier*, 87 R. I. 31. Despite the petitioner's reference in argument to his returning to a "made job" after his injury, we do not perceive that he has charged the respondent with fraudulent conduct in the premises. In brief, we are of the opinion that the commis-

sion had before it legally competent evidence from which it reasonably could infer that the petitioner had returned to his prior employment, performed the duties thereof, and earned wages in excess of those that he had earned prior to the injury. *Ucci* v. *Hathaway Bakeries, Inc.*, 75 R. I. 341. In such circumstances the finding that the petitioner had failed to prove a loss of earning capacity after December 17, 1962 will not be disturbed by this court. If the evidence on which the commission relied for its finding appears to have less probative force on the issue of earning capacity than that which reflects an impairment of his earning capacity in the open labor market, it is a matter with which this court under the statute will not concern itself. *Butler* v. *Drake Bakeries, Inc.*, 91 R. I. 429.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*William R. Goldberg, Ronald R. Gagnon,* for petitioner.

*Vincent J. Chisholm,* for respondent.