219 A.2d 913.

BEST PLASTICS, INC. *vs.* JOHN J. GRILLI.

JUNE 1, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an employer's petition to review a decree of the workmen's compensation commission which provided payment of compensation for the employee's partial incapacity. From the decree of a single commissioner suspending any further payments of compensation, the respondent appealed to the full commission. The full commission affirmed that decree and the respondent is prosecuting an appeal therefrom.

It appears from the record that on November 16, 1959 respondent, while employed by petitioner as a machine operator, received an injury for which he received compensation for total incapacity. On May 8, 1964 a decree was entered by the commission which reduced respondent's incapacity from total to partial. On April 27, 1965 petitioner

filed the instant petition to review alleging that respondent was able to return to light selected work; that respondent had returned to work at an average weekly wage equal to or in excess of that which he was earning at the time of his injury; and that respondent had returned to work "and is earning wages in the sum of $ ———— weekly." The dollar figure in the last allegation was left blank and no signed wage transcript was attached to the petition in support of either one of the last two allegations.

The sole witness at the hearing was respondent. He testified that for two years he had been engaged in selling real estate and insurance; that his income in 1964, earned exclusively from the sale of real estate, amounted to between $300 and $400; and that his total income for the year 1965 up until the day of the hearing amounted to $12 which represented commissions on the sale of two insurance policies.

Notwithstanding this testimony, the trial commissioner made a finding that respondent had an earning capacity of $150 a week; and said sum being greater than what respondent was earning when injured, all further payments of compensation were thereupon suspended.

The commissioner's finding of earning capacity was based upon the testimony of respondent who stated that prior to his employment with petitioner (more than six years before the hearing) he had operated his own jewelry business. When asked if he could now manage a jewelry business, respondent replied, "Well, if I have the ability." He stated that given a proper employer, it would not be unreasonable to ask for $150 a week for his services if such work was available.

The sole issue before us is whether the statements of respondent constituted legal evidence upon which the commission could find that the employee's earning capacity was $150 a week.

The burden of proof in a workmen's compensation proceeding is upon the one who asserts the affirmative in his petition. On a petition to review brought by an employer, it is necessary for him to establish by legal evidence the essential elements of his petition. *Walsh-Kaiser Co.* v. *D'Ambra,* 73 R. I. 37.

Workmen's compensation under our statutes provides for loss of earning capacity due to the injury received by the worker and not for the injury itself. *Tretton* v. *Atwood Crawford Co.,* 98 R. I. 346, 202 A.2d 286; *D'Iorio* v. *United States Rubber Co.,* 88 R. I. 369; *Thornlimb* v. *D. F. Farrell & Sons, Inc.,* 85 R. I. 157.

The determination of respondent's earning capacity by the trial commissioner in this cause is erroneous because it is based on evidence that is remote as to time and conjectural in its nature. It is remote because respondent's earning capacity was established on a salary allegedly paid a jewelry plant manager. At the time of his injury, however, he was employed as a machine operator, and not a jewelry plant manager. The record here is completely silent as to how long prior to his injury respondent operated his jewelry business.

An analysis of the respondent's testimony shows at most that if work as a manager was available and if he was able to do the work, he would ask (not necessarily receive) from a "proper employer" $150 a week. This testimony is too indefinite and speculative. It is not in any sense legal evidence upon which to establish an earning capacity as was done here. We hold that in this cause there was no legal evidence adduced as to the respondent's earning capacity to warrant suspension of the payments of compensation he was receiving.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission with direction to enter a

new decree in accordance with this opinion and for further proceedings.

*Boss, Conlan, Keenan & Rice, H. Eliot Rice,* for petitioner.

*Abedon, Michaelson, Stanzler and Biener, Richard Skolnik, Richard Mittleman,* for respondent.