PER CURIAM.
The order on appeal is affirmed except as to the award of temporary total disability benefits from February 13, 1976 until May 1, 1976, and from June 20, 1976 until January 8, 1977. The evidence reveals that the claimant failed to demonstrate a complete diminution of wage earning capacity and, in fact, did return to work for short periods of time during these timeframes. On April 26, 1976, he was released by his doctor with a finding of minimal discomfort. In May of 1976, he found a job and worked for three months. A medical report noted that on August 25, 1976 he was forced to discontinue his employment due to back pain. On October 11, 1976, his physician reported that claimant had attempted to return to work but had been forced to quit because of pain; by November 1st he was again seeking light work. On January 8,1977, he was rated as 10% permanently partially disabled. We can find no evidence in this record supporting total incapacity during the relevant time periods. Accordingly, the order is reversed as to the award of temporary total disability from February 13, 1976 until May 1, 1976; and from August 20, 1976 until January 8, 1977. See Collins Appliances, Inc. v. Hodges, IRC Order 2-3709 (February 22, 1979; Action Pool Builders, Inc. v. Grant, IRC Order 2-3743 (March 23, 1979); Teleprompter of Florida, Inc. v. Springer, IRC Order 2-3439 (May 19, 1978); and Miller Enterprises v. Houck, IRC Order 2-3565 (October 1, 1978).
ERVIN, SHIVERS and SHAW, JJ., concur.