JOANOS, Judge.
The appellants, Burger Chef of Braden-ton and its insurance carrier, American Liberty Insurance Company, appeal from a Workers’ Compensation order awarding 25% permanent partial disability benefits to the appellee/claimant. The deputy commissioner accepted the 13% anatomical impairment rating given by one of the physicians but increased the disability award to 25% due to wage earning capacity loss. Appellants challenge this award solely on the ground that the claimant failed to conduct an adequate work search as required by Exxon Co. v. Alexis, 370 So.2d 1128 (Fla.1978). We affirm deputy’s order.
On August 19, 1978, the claimant, an assistant manager of a Burger Chef restaurant, fell on a wet floor and injured primarily her lower back. After the accident, the claimant was seen by six doctors whose treatment ranged from traction to fitting claimant with a full length brace. None of these treatments served to lessen the claimant’s subjective complaints of pain. Based on these complaints, two doctors stated that the claimant was not able to resume active gainful employment although neither doctor could suggest any further medical treatment which might eliminate the pain.
At the hearing, the claimant testified that she had not looked for a job since the accident and listed numerous physical complaints, stating that she found difficulty in performing even simple household chores. In his order, the deputy specifically found that the claimant had not attempted to obtain any form of employment. The deputy also rejected in part the subjective limitations on physical activity which the claimant placed upon herself. Taking these findings into consideration as well as the claimant’s anatomic impairment rating and prior work history, the deputy concluded that the claimant had sustained a 25% reduction in wage earning capacity.
*207 In order to justify an award of permanent disability based on a loss of wage earning capacity in excess of an anatomical disability rating, either the claimant must have made a good faith effort to test her wage earning capacity in the open labor market, Exxon Co. v. Alexis, 370 So.2d 1128 (Fla.1978), or the circumstances must have justified excusal of the work search, Sizemore v. Canaveral Port Authority, 332 So.2d 23 (Fla.1976); Chicken ‘N’ Things v. Murray, 329 So.2d 302 (Fla.1976), Dade County School Board v. Gibavitch, 1981 FLW 61 (Fla. 1st DCA December 19, 1980). In this case, the claimant admitted that she made no attempt to find a job, so her lack of a work search is apparent. The issue, then, is whether a work search was excused under the circumstances.
We find that there is competent substantial evidence to support the deputy’s implicit finding that the claimant’s failure to conduct a work search was excused. A claimant does not need to be confined to bed in order to justify excusing the performance of a work search. See, e. g. Sizemore, supra. In this case, two of claimant’s treating physicians gave the opinion that she was not yet capable of returning to some form of employment. If a work search were required under these circumstances, the claimant would be placed in the awkward position of having to go against her doctor’s advice in order to preserve a disability award based upon loss of wage earning capacity.
AFFIRMED.
McCORD and SHIVERS, JJ., concur.