397 So.2d 1202 (1981)
LEHIGH CORPORATION and U.S. Fidelity & Guaranty Company
v.
James C. BYRD, Appellee.
No. XX-337.
District Court of Appeal of Florida, First District.
May 7, 1981.
*1203 John R. Gierach of Gierach & Ewald, Orlando, for appellants.
Irvin A. Meyers of Meyers, Mooney & Adler, Orlando, for appellee.
THOMPSON, Judge.
The appellants challenge a workers' compensation Order, contending in part that the Deputy Commissioner ("the Deputy") erred by awarding the appellee ("the claimant") temporary total disability ("TTD") benefits. We agree in part and reverse.
The claimant was involved in a compensable accident on December 20, 1979. Shortly thereafter, he saw Dr. Kim, who testified that the claimant was unable to work from January 3, 1980 to February 8, 1980, when he was released to return to work with no restrictions. The appellants paid the appropriate TTD benefits from December 28, 1979 to February 11, 1980, when the claimant returned to work. He worked until February 23, 1980, when his employment was terminated.
The claimant saw Dr. Kim again on March 18, 1980, and continued to see him until early May 1980. Dr. Kim did not release the claimant to return to work during this period, and due to inconclusive findings, he was referred to Dr. Uricchio, who examined the claimant on May 15, 1980. The doctor testified that there were no objective clinical findings of any physical problems, and there was no orthopedic reason to impose any job restrictions upon the claimant. Dr. Urrichio also noted that as of May 15, 1980, the claimant was fit for many physically light work activities, even in view of his subjective complaints. In this regard, the claimant noted that he had employment experience in sales and communications.
The claimant, who had not worked since February 23, 1980, began to look for work *1204 on June 15, 1980 and he started new employment on June 27, 1980. The Deputy subsequently entered an Order awarding the claimant TTD benefits from February 23, 1980 to June 27, 1980.
As for the period of time from February 23 to March 17, 1980, the Deputy's award of TTD benefits must be reversed. TTD is the healing period during which a claimant is unable to work, due to his injury. Cling Electric, Inc. v. Jones, 376 So.2d 481 (Fla. 1st DCA 1979). During the time in question, the claimant did not work because his employment was terminated. Nothing in the record indicates that he was unable to work as a result of his injury. In fact, Dr. Kim had released the claimant to return to work with no restrictions. Thus, the claimant was required to make a conscientious effort to return to work before he could establish that he was in fact unable to work. Walter Glades Condominium v. Morris, 393 So.2d 664, 665 (Fla. 1st DCA 1981). No such effort was made.
We recognize that the claimant was discharged from employment as of February 23, 1980, and thus, he could not have returned to his former job. However, when a claimant's job is no longer available, and there is no medical evidence that he is unable to work, the claimant is first required to seek work in order to establish TTD. See, e.g., Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981). Additionally, the claimant must show that his work search was successful, but that he was unable to perform the work. Alternatively, he would have to show that his work search was unsuccessful due to his disability (rather than unavailability of work). See Teleprompter, Inc. v. Springer, IRC Order 2-3439 (May 19, 1978); Westco Aluminum, Inc. v. Johnson, 8 FCR 170, 171-72 (1973), cert. den. 289 So.2d 738 (Fla. 1974). The claimant in this case has completely failed to establish any of the preceding elements.
As for the period of time from March 18 to May 15, 1980, there was competent substantial evidence to support the Deputy's award of TTD benefits. Dr. Kim, who treated the claimant until early May, testified that he did not release the claimant to return to work during this period, and in fact, Dr. Kim stated that the claimant was incapable of working.
As for the period of time from May 16 to June 27, 1980, the Deputy's award of TTD benefits must be reversed. Dr. Urrichio's testimony clearly established that as of May 16, 1980, the claimant was able to work. Consequently, as noted earlier, the claimant was obligated to make a conscientious effort to seek work, which he failed to do until June 15. Thus, he was not entitled to TTD benefits during this time. Also, from June 15 to June 27, the claimant did not establish that his work search was unsuccessful due to his disability. Accordingly, TTD benefits were improperly awarded.
We have considered the remaining points raised by the appellants and find them both to be without merit. Finally, we note that the claimant has timely petitioned this court for an award of attorney's fees for appellate representation. That petition must be denied, because this court has no authority or jurisdiction to award such fees herein, since the claimant's accident occurred after the effective date of the 1979 amendments to § 440.34, Fla. Stat. Prior to those amendments, the authority for appellate awards of attorney's fees was the following statutory language: "If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct." § 440.34(3), Fla. Stat. (Supp. 1978). This language was deleted entirely by the 1979 amendments to § 440.34, Fla. Stat.[*]
*1205 Section 440.34(2), Fla. Stat. (1979), states that "[a] claimant shall be responsible for the payment of his own attorney's fees... ." There are three exceptions to this statutory pronouncement, see § 440.34(2)(a)-(c), Fla. Stat. (1979), and we recognize that if one of those exceptions is applicable at the trial (i.e., hearing) level, and the claimant prevails on such an exception at the appellate level, then this court would be authorized to award appellate attorney's fees. See § 59.46(1), Fla. Stat. (1979). However, we have determined that none of these conditions exist herein. Furthermore, the claimant's petition for attorney's fees does not refer this court to any authority for an award of attorney's fees.
This case presents a good example of why compliance with the appellate rules is not simply a matter of form. Fla.R.App.P. 9.400(b) explicitly states that a motion for attorney's fees "shall state the grounds upon which recovery is sought." This rule is applicable to workers' compensation proceedings before this court, see Brannon v. Marion County Sheriff's Office, 391 So.2d 253 (Fla. 1st DCA 1980), and in this instance, compliance with the rule would have greatly facilitated the court's consideration of the claimant's request.
There should be compliance with all rules governing proceedings before this court, including Fla.R.App.P. 9.400(b). Accordingly, in the future, an attorney who presents this court with a motion for attorney's fees should state the grounds for the motion. If a statutory ground exists, the motion should refer to the statute, as well as specifying the appropriate sections and subsections of the statute, along with the year of the statute. The failure to comply with this procedure can result in appropriate action being taken as to future motions for attorney's fees. See, e.g., Dooley v. Culver, 370 So.2d 1154, 1155 (Fla. 4th DCA 1978).
The Deputy's award of TTD benefits is reversed, insofar as such benefits were awarded from February 23, 1980 to March 17, 1980, and from May 16, 1980 to June 27, 1980. This cause is also remanded for proceedings consistent with this opinion.
BOOTH, J., concurs.
LARRY G. SMITH, J., concurs in part and dissents in part with opinion.
LARRY G. SMITH, Judge, concurring in part and dissenting in part.
I concur in the opinion and decision except that portion reversing the award of temporary total disability from May 16 to June 15, 1980. As to the award for that period of time I would defer to the judgment of the Deputy Commissioner in view of his superior vantage point for evaluation of all the evidence, including that evidence pointing to the fact that claimant was still undergoing treatment of sorts during a substantial portion of that time.
NOTES
[*] While this language was essentially reinserted into the statutes, via § 440.34(5), Fla. Stat. (Supp. 1980), the claimant's injury occurred before the effective date of the 1980 amendments. See Ship Shape v. Taylor, 397 So.2d 1199 (Fla. 1st DCA 1981).