MILLS, Judge.
The employer/carrier appeal, contending that the deputy erred in finding claimant to be temporarily and totally disabled from 9 March through 17 May 1980. We agree and reverse.
When there is no medical evidence that a claimant is unable to work, claimant must conscientiously seek work to establish temporary total disability and must also show either that his or her work search was successful and that he or she was unable to perform the work or that the work search was unsuccessful due to his or her disability, rather than to unavailability of work. Lehigh Corp., et al. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981).
There is no medical evidence that Lowery was unable to work.
Lowery’s testimony clearly shows that she did not make a conscientious effort to obtain work.
Q. Okay. Now, this job that you just got last Tuesday, you say you haven’t worked since you left the Sanford Home?
A. No.
Q. Okay. Had you looked for work anywhere?
A. Yes.
Q. Where did you look?
A. I went to the unemployment place to get a ... to look for a job and.. . .
Q. You didn’t find one?
A. No.
Q. Do you remember when you went to the unemployment place. . . .
THE COMMISSIONER: Is that the regular State Employment Office, Ms. Lowery?
A. I don’t know the ... I don’t know exactly the date.
MR. DAZE: Okay.
A. What?
THE COMMISSIONER: Did you say you went to the regular State Employment Office?
A. Yes.
THE COMMISSIONER: To get a job? A. Yes.
THE COMMISSIONER: When did you do that?
A. I don’t know the exact date when I went.
THE COMMISSIONER: I mean just approximately, can you relate it to the time *282 of the accident? How many weeks, months after the accident as you can best recall?
A. It might have been a month, I’m not sure.
THE COMMISSIONER: Something around that?
A. Yes.
MR. DAZE: Did you ever try to go back to the Sanford Home? Did you ask to go back to work?
A. No, I didn’t.
She did not attempt to return to work for her employer. Her testimony concerning her work search was non-specific, although responding to leading questions by the Deputy.
Claimant totally failed to adduce testimony whether her job search was unsuccessful because of her disability or because a job was unavailable.
We reverse because there is no competent substantial evidence supporting the Deputy’s award of temporary total disability benefits from 9 March through 17 May 1980.
LARRY G. SMITH, J., concurs.
ERVIN, J., dissents with opinion.