JOANOS, Judge.
The employer/carrier in this worker’s compensation appeal challenges an award of temporary total disability during a period of time when the claimant was unemployed due to a compensable knee injury. We affirm the deputy’s order and reject the E/C’s argument that physical inability to work is the sole factor in determining temporary total disability.
The evidence reflects that the following took place. Claimant sustained a knee injury on the job yet continued to work until his condition significantly worsened. At that point, he went to a physician, who restricted claimant to limited walking and standing. Claimant tried to return to work but was fired after the supervisor learned of claimant’s limitations. When claimant filed a claim for temporary total disability and medical treatment, the E/C controverted the entire claim refusing to pay even medical benefits. Claimant, therefore, was without funds to" pay for an operation to his knee which his doctor deemed to be necessary. Thus, his activities remained limited and his knee continued to be problematic.
The evidence shows that claimant tried to return to his job, and when he was discharged, tried to find other employment. His testimony, which is consistent with logic, was that employers were unwilling to hire someone currently involved in a worker’s compensation controversy and in need of an operation which would require a fairly lengthy period of recuperation. Although claimant’s physical condition was not so severe as to prohibit him from performing any and all employment, the job market for a person in claimant’s yet unhealed condition did not, according to the evidence, exist.
“Disability” is defined in section 440.-02(9), Florida Statutes (1979) as “incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.” In his treatise on worker’s compensation law, Professor Larson states:
Inability to get work, traceable directly to a compensable injury, may be as effective in establishing disability as inability to perform work .... Even without to *1287 tal medical disability, the two essentials are present: wage loss, and causation of the wage loss by work-connected injury. The fact that the wage loss comes about through refusal or unavailability of employment rather than through incapacity to perform the work does not change the result.
Larson, The Law of Workmen’s Compensation, Volume 2, § 57.61.
The E/C has argued that there must be medical evidence of temporary total disability in order for an award of TTD to be made. The cases cited by the E/C do not support this contention, but merely stated that in the absence of medical evidence, the claimant must attempt to return to work or locate other employment. This the claimant has done, without success, and the evidence shows that his inability to find work is the direct result of his compensable injury.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.