409 So.2d 153 (1982)
LAKE COUNTY COMMISSIONERS and U.S. Fidelity & Guaranty Company, Appellants,
v.
Kenneth C. Walburn, Appellee.
No. AB-362.
District Court of Appeal of Florida, First District.
January 28, 1982.
*154 John R. Gierach of Gierach & Ewald, Orlando, for appellants.
Irvin A. Meyers of Meyers, Mooney & Adler, Orlando, for appellee.
THOMPSON, Judge.
The employer/carrier appeal contending that the deputy commissioner (deputy) erred in awarding claimant temporary total disability (TTD) benefits from February 8, 1980 to March 26, 1980, in awarding wage loss benefits from July 23, 1980 to October 1, 1980, in directing the employer/carrier to provide claimant with further medical treatment by a different physician, and in awarding reimbursement of taxable costs. We agree and reverse in each of these respects.
The claimant suffered a compensable injury on November 16, 1979. He was conservatively treated by Dr. Carducci, an orthopedic physician, and continued to work for his employer until he was discharged on February 8, 1980. Although the claimant made no work search and testified that he was unable to work from the date of his discharge until March 26, 1980, Dr. Carducci testified the claimant was able to work with some limitations during this time period. The claimant was admitted to the hospital for surgery on March 26, 1980 and was paid workers' compensation benefits from that date until July 23, 1980. Dr. Carducci testified that claimant reached his maximum medical improvement (MMI) on July 23, 1980 and could return to work with no limitations. After a hearing, an order was entered February 23, 1981 finding that claimant reached MMI July 23, 1980 and awarding him TTD benefits and wage loss benefits. The order also allowed a change of physicians and reserved jurisdiction to determine costs.
TTD is the healing period during which the claimant is disabled and unable to work due to his injury. Where there is no medical evidence that a claimant is unable to work, he must make an adequate work search or a conscientious effort to return to work in order to establish entitlement to TTD. Tallahassee Coca Cola Bottling Company v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981). Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). "When a claimant's job is no longer available, and there is no medical evidence that he is unable to work, the claimant is first required to seek work in order to establish TTD." LeHigh Corp. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981). The claimant made no work search and the medical testimony indicated that claimant was able to work. The claimant's testimony that he was unable to work is insufficient to establish his entitlement to TTD. Cardinal Industries, Inc. v. Dawkins, 392 So.2d 368 (Fla. 1st DCA 1981). Therefore the award of TTD benefits from February 8, 1980 to March 26, 1980 is reversed.
Although he reached MMI on July 23, 1980, and was told that he could return to work without limitations as of that date, the claimant sought wage loss benefits based on a complete loss of earnings from July 23, 1980 to October 1, 1980. Section 440.15(3)(b)2, Fla. Stat. (1979) provides that if an employee voluntarily limits his income or fails to accept employment commensurate with his abilities, the wages the employee is able to earn after the date of MMI shall be deemed to be the amount which he would have earned had he accepted appropriate employment or not limited his income. This section also places the burden on the employee to establish that any wage loss benefit claimed is a result of the compensable injury. As claimant is qualified by training and experience for a number of jobs, including surveying, accounting and construction, the evidence is totally insufficient to prove that his work search was unsuccessful due to his disability (rather than because work was unavailable) and that he was entitled to wage loss benefits. Burger King Corp. v. Stark, 401 So.2d 1173 (Fla. 1st DCA 1981); Lehigh, supra, at 1204. Again, the testimony of the claimant that *155 he was unable to perform these jobs is not sufficient in view of the medical testimony that he was able to work without limitation.
More than six months after the claimant reached MMI, the deputy ordered the employer/carrier to furnish the claimant further medical treatment by a different physician. MMI is the date after which recovery or lasting improvement can no longer reasonably be anticipated and it was error for the deputy to direct further remedial treatment by a different physician in February of 1981 after he found in his order that the claimant had reached MMI on July 23, 1980. "Concurrent findings of maximum medical improvement and the necessity of continuing medical care are erroneous as a matter of Law." Giffen Industries of Orlando v. Campbell, 8 FCR 157, 158 (1973).
In view of our reversal of the award of all of the benefits to the claimant, the deputy's reservation of jurisdiction to determine costs is also reversed.
REVERSED.
BOOTH, J., concurs.
ERVIN, J., concurs in part and dissents in part.
ERVIN, Judge, dissenting and concurring.
Although I agree with the majority in reversing that portion of the order relating to the award of temporary total disability benefits, I respectfully disagree as to the reversal of the remainder.
In my judgment, the record supports the deputy commissioner's award of wage loss benefits from July 23, 1980 to October 1, 1980. The evidence before the deputy commissioner reflects that during the above period, the appellee conducted a work search by inquiring an average of two or three times a week with the State Employment Office whether any employment was available, by contacting the Department of Vocational Rehabilitation, by contacting his former employer, as well as several contractors concerning possible work. He was unable, however, to test the limits of his capacity to work because no work was in fact acquirable. The requirement this court has imposed upon an employee, i.e., that he prove his work search was unsuccessful due to his disability, rather than unavailability of work, Lehigh Corp. v. Byrd, 397 So.2d 1202, 1204 (Fla. 1st DCA 1981); Burger King Corp. v. Stark, 401 So.2d 1173 (Fla. 1st DCA 1981), is, in my judgment, outside the mainstream of the law on the subject, see, e.g., Diamond M. Drilling Co. v. Marshall, 577 F.2d 1003 (5th Cir.1978); Hughes v. Industrial Comm'n., 3 Ariz. App. 51, 411 P.2d 474 (1966); Insurance Company of North America v. Nix, 141 Ga. App. 342, 233 S.E.2d 468 (1977); Blackmon v. Pantex Manufacturing Corporation, 95 R.I. 389, 187 A.2d 541 (1963). And see particularly Fellows, Reed & Weber v. Lance, 406 So.2d 1286 (Fla. 1st DCA 1981).
The majority's interpretation of Section 440.15(3)(b)2, forcing a claimant to prove that his work search was unsuccessful due to his disability, rather than because of unavailability of work could place a wellnigh impossible burden on an injured claimant. Suppose, for example, the employee seeks employment with 30 or more potential employers, but is told that because of recessionary conditions, there is no work available. As Professor Larson points out, if a claimant's inability to obtain work is traceable directly to a compensable injury, the causation requirement of the wage loss by work-connected injury is satisfied, and it is immaterial "that the wage loss comes about through refusal or unavailability of employment... ." 2 Larson, The Law of Workmen's Compensation, § 57.61 at 10-164.90. Restated, the requisite causal relationship is established if the compensable injury breaks or alters the claimant's pattern of employment. See Guzman v. Surge Electric, Inc., 381 So.2d 287 (Fla. 1st DCA 1980). Additionally, a worker may be compensated for the aggravation of an injury because of economic factors. United States Sugar Corporation v. Hayes, 407 So.2d 1079 (Fla. 1st DCA, 1982).
*156 In the instant case, the deputy commissioner heard claimant's testimony concerning his fruitless attempts to find work. Whether or not claimant explored the entire spectrum of employment opportunities which he may conceivably have been suited for is, in my view, a discretionary call by the trier of fact that I would leave undisturbed. As we stated in Pearson v. City of Miami Beach, 399 So.2d 1135, 1136 (Fla. 1st DCA 1981): "The credibility and sufficiency of ... evidence to establish a good faith work search on the part of appellant remains a factual matter to be determined by the deputy commissioner... ."
I differ also with the reversal of the order directing the employer/carrier to provide the claimant with further medical treatment by a different physician. I am aware of no law holding that a deputy commissioner must appoint a physician recommended by the employer/carrier over one sought by the claimant. As a matter of fact, Section 440.13(2), Florida Statutes (1979), authorizes a deputy commissioner at any time, for good cause shown in the deputy's discretion, to order a change in remedial attention, care, or attendance. In my judgment, appellant has not demonstrated an abuse of discretion. I would therefore affirm this portion of the order, as well as the award of taxable costs to claimant.