WIGGINTON, Judge.
This is a workers’ compensation appeal from an order of the deputy commissioner awarding claimant “temporary partial or wage-loss” benefits from April 18, 1980, through August 1, 1980, and temporary total disability benefits for one day, February 12, 1981. We affirm as to the award of TTD benefits but reverse as to the award of “temporary partial or wage-loss” benefits.
Under either Section 440.15(3)(b) or 440.-15(4)(a), Florida Statutes (1979), benefits are determined on the basis of actual wage loss. Both sections place the burden on the employee to establish that any wage loss benefit claimed is a result of the compensa-ble injury. See, §§ 440.15(3)(b)2 & 440.-15(4)(b).
In the instant case, the evidence is insufficient to prove that claimant’s work search during the period, April 18, 1980, through August 1, 1980, was unsuccessful due to his disability and that he was entitled to wage loss benefits. Claimant’s testimony that he was unable to perform these jobs is not sufficient in view of the medical testimony that he was not permanently disabled and was able to work during that period of time without limitation. Lake County Commissioners v. Walburn, 409 So.2d 153 (Fla. 1st DCA 1982); Burger King Corp. v. Stark, 401 So.2d 1173 (Fla. 1st DCA 1981).
Accordingly, the order of the deputy commissioner is: Affirmed in part and Reversed in part.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH, J., concur.