PER CURIAM.
The employer/carrier appeal an order finding that the claimant suffered a com-pensable injury, finding the date of maximum medical improvement (MMI), and awarding temporary total disability (TTD), permanent disability, future care, fees and costs. We affirm in part and reverse in part.
*925 The date of the accident was 5 October 1979, the date of MMI 28 July 1980. The only error was the award of TTD benefits for this entire period. There was no medical evidence that the claimant was incapable of work. The claimant was therefore required to test his disability in the job market, LeHigh Corp. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981). There was no evidence of a job search before 4 April 1980. Therefore the finding that the claimant was TTD during the period 5 December 1979 through 4 April 1980 was error.
The claimant must show the work search failed because of his disability, LeHigh, supra. He argues that he could not find employment because of the back brace he was wearing. Since Randolph is a laborer this is plausible except for the undisputed fact that the brace was prescribed on 28 July 1980, the date of MMI. No evidence was provided to link the failure of Randolph’s work search to the injury. The award of TTD from April to July 1980 is unsupported and must be reversed.
The order is AFFIRMED in all other aspects.
MILLS, LARRY G. SMITH and SHAW, JJ., concur.