WIGGINTON, Judge.
In this workers’ compensation appeal, the employer/carrier challenge the *133 deputy commissioner’s award of temporary total disability benefits to claimant and her determination of claimant’s average weekly wage. We reverse as to the award of temporary total disability benefits. During the periods of time in question, the record reveals medical testimony as to claimant’s ability to work. Claimant’s subjective testimony as to his inability to work, and especially in light of the medical testimony to the contrary, is insufficient to establish his entitlement to TTD benefits. Lake County Commissioners v. Walburn, 409 So.2d 153 (Fla. 1st DCA 1982); cf. Square G. Construction Co. v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982).
Further, we must reverse the sufficiency of the job search as claimant failed to show either that his work search was successful, but that he was unable to perform the work due to his disability, or that his work search was unsuccessful due to his disability rather than the unavailability of work. Lehigh Corporation v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981). The evidence contained in the record clearly establishes claimant’s ability to work, refuting any claim of total incapacity during the relevant time periods which would otherwise support an award of TTD benefits. Kennedy & Cohen v. Porter, 380 So.2d 495 (Fla. 1st DCA 1980).
As to the deputy’s determination of claimant’s average weekly wage based on an alleged stipulation, there is no evidence in the record, and both parties dispute the existence of any stipulation to that effect. Accordingly, we also reverse and remand that portion of the deputy’s order for rede-termination of claimant’s average weekly wage.
JOANOS and THOMPSON, JJ., concur.