MILLS, Judge.
The employer/carrier appeal from a deputy commissioner’s order awarding Lopez temporary total disability benefits and costs and reserving jurisdiction on the attorney’s fee issue. We reverse.
Lopez was released to return to work by his doctor after 31 March 1981. Because there was no medical evidence he was unable to work after this date, Lopez was required to make a conscientious work search and was required to show that his work search was unsuccessful due to his disability rather than to unavailability of work. Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1980); Lehigh Corp., et al. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981).
Lopez has completed three years of college and has a degree in mortuary science. He has employment experience as an insurance adjuster, bartender, teacher, liaison between the United States Government and private industry for production scheduling for research and development work, purchasing agent, and a loan application processor.
Lopez sought work in only two areas in which he had experience — purchaser for furniture store and production scheduling. The balance of his work search consisted of seeking employment at fast food restaurants such as McDonald’s, Burger King, and Arby’s.
Although Lopez’s immediate past work history involved work as a stone mason, we find his work search inadequate under the circumstances of this case.
The order is reversed for proceedings consistent with this opinion.
SHIVERS, J., and CAWTHON, VICTOR M., Associate Judge, concur.