concurring in part and dissenting in part.
I concur in all facets of the majority’s opinion except that part reversing the award of temporary total benefits subsequent to May 13, 1980. As to my reasons for disagreement, I rely upon the views expressed in my dissent to Lake County Commissioners v. Walburn, 409 So.2d 153, 155 (Fla. 1st DCA 1982). Additionally, I would note that the continuing efficacy of the majority’s opinion in Walburn, requiring that an employee prove that his work search was unsuccessful due to his disability, rather than unavailability of work, has been called into questipn by this court’s recent opinion in Regency Inn v. Johnson, -So.2d-, no. AE-354, 7 FLW 1285 (Fla. 1st DCA, June 16,1982). Regency Inn seeks to recede from the above aspect of the Walburn opinion and is to be orally argued before this court en banc on July 21, 1982, At the very minimum, I would withhold judgment in this case as to the question of the adequacy of the claimant’s work search until the divergent views of Walburn and Regency Inn have been reconciled by the court as a whole.