ERVIN, Judge.
In this workers’ compensation case, the claimant appeals the order of the deputy commissioner denying the claim for wage-loss benefits. We reverse and remand for further consistent proceedings.
The order resulted from a supplemental hearing held on July 7, 1981 for the purpose of determining claimant’s alleged entitlement to wage-loss benefits due from the maximum medical improvement date of September 15, 1980 to June 12, 1981. The original order of April 10, 1981 included the finding that claimant had a five percent impairment of the body as a whole. Claimant was injured in a compensable accident on April 10, 1980, resulting in a fractured right ankle and injuries to the left knee and left wrist. Also, in the previous order the deputy found the average weekly wage to be $188.65, with a compensation rate of $125.77. The employer/carrier agrees that the April 10, 1981 order is res judicata on all issues adjudicated. However, the e/c controverted the claim for wage-loss benefits on the basis that claimant was able to earn 95% of 85% of the wages he was earning at the time of the accident.
The order appealed from is brief. Although the deputy found that claimant still suffered from the injury to the extent described in the attending physician’s report, he concluded that “the injury does not interfere with the employee’s ability to earn the same wages he was earning at the time of his accident.” The crux of the parties’ arguments on appeal is whether the claimant had proven an appropriate work search, sufficient to demonstrate a compensable wage loss.
At the time of the accident, claimant was thirty-one years old, had completed one year of college and was employed as a “long-line operator” for the employer, a private company in the business of painting lines and markings on highways, parking lots and other paved areas. Claimant was not rehired by his employer. He eventually found work on May 17, 1981 as a delivery driver. The testimony of claimant and a list of jobs he produced reveal that he applied for work as a laborer, orderly, delivery person, truck driver, sign painter, handyman, garbage man, warehouse worker, carpenter, fire fighter and bus driver. The list also discloses at least two dozen businesses claimant had contacted, and he testified that he had “put in about 50 to 75 applications.” Claimant testified that he was unable to find work although he actively pursued work during the period of the claimed wage loss. His rejection for the jobs for which he applied was not necessarily due to his physical problems. He stated he was “just turned down completely” at one place because of his long period of unemployment, and at other places because they weren’t hiring. At some places he would ask initially if the employer would hire someone who had a workers’ compensation claim, or was injured. If the employer said yes, then claimant would reveal that he had a claim. He testified that he tried to apply for jobs where he wouldn’t have to be on his feet for eight hours continuously, as he is unable to stand for long periods of time.
The employer/carrier maintains that the deputy was correct because claimant did not show by competent, substantial evidence that his work search was unsuccessful due to his disability rather than to unavailability of work; thus, he failed to distinguish his joblessness from that of any unimpaired jobless individual. Lehigh Corp. v. Byrd, 897 So.2d 1202 (Fla. 1st DCA 1981); Burger King Corp. v. Stark, 401 So.2d 1173 (Fla. 1st DCA 1981). Claimant replies that he has satisfied his burden of proof under section 440.15(3)(b)1, 2, Florida Statutes (1979), by *344 proving a physical impairment caused by the industrial injury, an actual wage loss, and a good faith work search since there is no evidence that claimant has either voluntarily limited his income or failed to accept employment commensurate with his ability. Nor, he contends, has the employer made any attempt to show that work was available to him.
Following the notice of appeal filed in this cause, this court rendered its opinion on rehearing en banc in Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA, September 23, 1982). Regency Inn confronts the issue of the effect of economic conditions on the employee’s entitlement to wage-loss benefits. In Regency Inn, we stated that the Lehigh Corp. v. Byrd determination of an inadequate work search does not require direct proof by the employee that he has been rejected for a job because of his disability as an essential evidentiary element in proving wage loss. Regency Inn, 422 So.2d 870 at 877-878. Regency Inn continues that the unavailability of jobs due to economic conditions does not preclude recovery of wage-loss benefits; accordingly it is not necessary for a wage-loss claimant to present evidence that his refusal for employment was not due to unavailability of jobs resulting from economic conditions.
Also relevant to the instant case is the following footnote in Regency Inn:
Certainly evidence that a job was not obtained because employers were “not hiring” (as the employee in this case testified) does not establish unavailability of jobs due to economic conditions. We take it as not subject to serious question that many businesses and industries at any given time, in any given locality, even in times of relative economic prosperity may be “not hiring” when a particular person applies for work. If the claimant’s search for work was sufficiently extensive and intensive, then in order to defeat her wage loss claim it was incumbent upon the employer or carrier to show that jobs were available to her with employers who “were hiring.” Wright v. Gulf and Western Food Products, 401 So.2d 1316 (Fla.1981).
422 So.2d at 879 n. 9 [slip opinion at 13].
Although the record before us does not indicate any lack of diligence or good faith such as might conceivably result from an extremely restricted or illogical search, there are of course an infinite number of facts and circumstances which may bear upon the adequacy or good faith of a work search. Regency Inn, 422 So.2d at 877. Because the deputy’s order failed to make the necessary factual findings consistent with our opinion in Regency Inn v. Johnson, we REVERSE and REMAND this cause to the deputy for reconsideration of the claim.
McCORD and JOANOS, JJ., concur.